```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION


PATRICIA VAUGHN,                      *
                                      *
      Plaintiff,                      *   Civil Action No.12-00279-CG-B
                                      *
vs.                                   *
                                      *
MICHAEL J. ASTRUE,                    *
Commissioner of Social Security,      *
                                      *
      Defendant.                      *
```

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Commissioner's unopposed Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

In the Motion, the Commissioner requests a judgment of remand of the cause to Social Security for further administrative proceedings, and advises that counsel for Plaintiff has been contacted and does not oppose the Commissioner's request to remand this action pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). Specifically, the Commissioner states that on remand:

> [T]he Commissioner will direct an Administrative Law Judge to further evaluate Plaintiff's mental impairments and residual functional capacity, including obtaining updated treatment evidence; obtaining evidence from a medical expert regarding

>    Plaintiff's mental impairment; articulating the evaluation of severity of all medically determinable mental impairments under the Commissioner's special technique for evaluating mental impairments; evaluating and articulating analysis regarding the examining source opinion of John R. Goff, Ph.D., as well as any additional medical source opinions in the updated record; determining whether Plaintiff has past relevant work she could perform; and obtaining vocational expert testimony, if appropriate.

(Doc. 18 at 1-2).

Upon consideration of the foregoing, and the language of sentence four of 42 U.S.C. § 405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," the undersigned **RECOMMENDS** that the Commissioner's unopposed Motion to Remand be **GRANTED**, and that this Court enter judgment reversing and remanding this cause to the Commissioner for action consistent with the Commissioner's motion.  42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 101 (1991).

This remand, pursuant to sentence four of section 205(g) of the Social Security Act, makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Shalala v. Schaefer, 509 U.S. 292, 300 (1993).

The attached sheet contains important information regarding

objections to this Report and Recommendation.

**DONE** this **11th** day of **October, 2012.**

                                              **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

---

[1] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed. R. Civ. P. 72(b)(2).

4

> objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.