IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICIA VAUGHN,                    *
                                    *
     Plaintiff,                     *
                                    *
vs.                                 *   CIVIL ACTION NO. 12-00279-CG-B
                                    *
CAROLYN W. COLVIN,                  *
Commissioner of Social              *
Security,                           *
                                    *
     Defendant.                     *

## REPORT AND RECOMMENDATION

This action is before the undersigned Magistrate Judge on Petitioner William T. Coplin, Jr., Esq.'s Motion for Attorney's Fees in connection with his representation of Plaintiff, Patricia Vaughn, who brought an action before this Court seeking disability insurance benefits and supplemental security income, under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* and 1381, *et seq.* (Doc. 28). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the motion, the Commissioner's lack of opposition thereto (Doc. 30), and all other pertinent portions of the record, it is the recommendation of the undersigned that Petitioner's motion be **GRANTED** and that

Petitioner should receive a reasonable fee in the amount of **$3,744.10** under the Social Security Act.

## I. Findings of Fact

Petitioner, William T. Coplin, Jr., Esq. was hired by Plaintiff to represent her in connection with her claim for a period of disability, disability insurance benefits, and supplemental security income on August 18, 2008. (Doc. 28-1, "Attorney Fee Agreement"). The Attorney Fee Agreement entered into by Plaintiff and her counsel in August 2008 provides, in pertinent part, that if Plaintiff receives a favorable decision from the Social Security Administration after the decision of a federal court, Plaintiff will pay her attorney a fee equal to 25% of all past-due benefits. (Id. ¶4).

On October 26, 2012, this Court granted the Commissioner's unopposed motion to remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to allow the Administrative Law Judge the opportunity to further evaluate Plaintiff's mental impairments and residual functional capacity. (Docs. 19, 20, 21). Thereafter, on January 30, 2013, the Court granted Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) in the sum of $1,241.88. (Docs. 25, 26, 27).

On May 22, 2015, following remand, an Administrative Law Judge rendered a fully favorable decision, finding that

2

Plaintiff is disabled and that she was entitled to benefits commencing May 2007. (Docs. 28-2, 28-3). Pursuant to Section 206 of the Social Security Act, codified at 42 U.S.C. § 406, the Administration withheld 25% of Plaintiff's past-due benefits in order to pay for approved attorney's fees. (Doc. 28-3). According to Petitioner, he petitioned the Social Security Administration for a fee (for representation of Plaintiff before the Administration) and received $6,000. (Doc. 28 at 1). In addition, he received EAJA fees in the amount of $1,241.88. (Id.). Based on the information provided to Plaintiff by the Social Security Administration in a letter dated August 4, 2015, the Administration is also withholding $10,985.98, which represents 25% of past-due benefits owed to the Plaintiff. (Doc. 28 at 1; Doc. 28-3).

In the present petition, Petitioner seeks to have the remainder of the 25% of Plaintiff's past-due benefits, $3,744.10, be awarded as an additional attorney's fee under § 406(b). (Doc. 28 at 1). Petitioner asserts that this request is consistent with the contingency agreement that Plaintiff executed upon retaining Petitioner and that, once he reimburses Plaintiff the amount of attorney's fees previously awarded by the Court under the EAJA ($1,241.88), the attorney's fees received will not exceed the allowable 25% of past-due benefits awarded to Plaintiff.

3

In response to Petitioner's request, the Commissioner states that she does not object to the requested fee but agrees that an attorney who has received attorney's fees under both §406 and EAJA must refund the lesser amount to his client. (Doc. 30 at 1).

## II. Conclusions of Law

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b) and 28 U.S.C. § 2412(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded and are capped at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A) and (B).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2412(d). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded, providing that a Court may not award fees "in excess of 25

4

percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

Section 406(b) thus "provides for contingent fees to be charged **to the client**, with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted; emphasis in original); see Meyer v. Sullivan, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) (the total amount of attorney's fees that may be awarded under the Social Security Act is limited to 25% of the past-due benefits awarded).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("Congress has provided one boundary line:   Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . .   Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative

5

> achieved. . . . If the attorney is responsible for
> delay, for example, a reduction is in order so that
> the attorney will not profit from the accumulation of
> benefits during the pendency of the case in court. .
> . . If the benefits are large in comparison to the
> amount of time counsel spent on the case, a downward
> adjustment is similarly in order. . . . In this
> regard, the court may require the claimant's attorney
> to submit, not as a basis for satellite litigation,
> but as an aid to the court's assessment of the
> reasonableness of the fee yielded by the fee
> agreement, a record of the hours spent representing
> the claimant and a statement of the lawyer's normal
> hourly billing charge for noncontingent-fee cases.

Id. at 808 (internal citations omitted).

In line with Gisbrecht, therefore, this Court need begin with the contingency fee agreement and should only reduce the amount called for by the agreement upon a determination that this amount is unreasonable. In adopting this approach, the Supreme Court rejected the Eleventh Circuit's adoption of the lodestar calculation of fees in Kay v. Apfel, 176 F.3d 1322, 1323 (11th Cir. 1999), in favor of the contingency fee approach of other Circuits, including the Second Circuit, in Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (district courts must begin with the contingency fee agreement and may only "reduce the amount called for by the contingency agreement [] when it finds the amount to be unreasonable"); see also Gisbrecht, 535 U.S. at 799, 808-09.

By contrast, the EAJA permits a claimant to seek an award of fees against the government for work that is done before the

Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." Jackson v. Commissioner of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010) (quoting 28 U.S.C. 2412 note).

This Circuit has held that "the aggregate of the attorney's fees awarded under § 406(a) and § 406(b) may not exceed 25% of the claimant's past due benefits." Bookman v. Commissioner of Soc. Sec., 490 Fed. Appx. 314, 316 (11th Cir. 2012). "As the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits and 'double dipping' under the EAJA is not allowed, the Court generally needs to know the amount awarded under § 406(a) (if any), amounts paid under EAJA (if any), and the total amount of past due benefits calculated by the agency, in order to evaluate the § 406(b) motion." Bibber v. Commissioner of Soc. Sec., 2014 U.S. Dist. LEXIS 181660, *4 (M.D. Fla. Oct. 29, 2014), adopted by 2015 U.S. Dist. LEXIS 14048, 2015 WL 476190, *4-5 (M.D. Fla. Feb. 5, 2015).

As previously stated, based on the information provided to Plaintiff by the Social Security Administration (Doc. 28-3), 25% of Plaintiff's past-due benefits is $10,985.98 (making the

total amount of past due benefits $43,943.92). (Doc. 28 at 1; Doc. 28-3). The contingency agreement, which Plaintiff entered into on August 18, 2008 (Doc. 28-1, "Attorney Fee Agreement"), contemplates attorney's fees of as much as 25% of the claimant's past-due benefits following a favorable decision after a federal court remand. (Id. ¶ 4). It is apparent to the Court that the amount requested by Petitioner herein ($3,744.10), added to the statutory attorney's fees already paid by the Administration ($6,000) (Doc. 28 at 1), and the attorney's fees already paid under the EAJA ($1,241.88), does not exceed 25% of the past-due benefits that Plaintiff has been awarded in this case.[1] Moreover, there is no evidence that Petitioner delayed this case in any manner, nor can the Court find that the requested amount is so large as to be a windfall to Petitioner. Given the length of Petitioner's relationship with the claimant and the favorable results achieved by

---

[1] Counsel has the choice to refund the EAJA award to Plaintiff or deduct the amount of the EAJA award from his § 406(b) fee request. Baggett v. Colvin, 2014 U.S. Dist. LEXIS 59175, *12 n.5, 2014 WL 1686544, *4 n.5 (N.D. Fla. Apr. 29, 2014) (citing Jackson v. Commissioner of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request.")). Petitioner has chosen the latter option in this case.

Petitioner for the claimant, the Court considers the requested amount reasonable.

## III. Conclusion

Based on the foregoing, it is the recommendation of the undersigned that Petitioner's motion be **GRANTED** and that Petitioner William T. Coplin, Jr., Esq., receive, as an attorney's fee pursuant to § 406(b) for services rendered at the federal court level, the sum of **$3,744.10**. This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff, minus the administrative amount previously paid ($6,000), minus the amount previously awarded pursuant to the EAJA ($1,241.88).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); **S.D. Ala. L.R. 72.4**. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **September, 2015.**

                                        /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**